IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **ASTRID M. FLOWERS,** *on behalf of themself and all others similarly situated,* | ) ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) ) ) Civil Action No. |
| **THE WASHINGTON UNIVERSITY** *d/b/a* **Washington University School of Medicine,** | ) ) ) |
| **Defendant.** | ) |

**VERIFIED COMPLAINT FOR VIOLATIONS OF
THE FAIR LABOR STANDARDS ACT
AND THE MISSOURI MINIMUM WAGE LAW**

**COME NOW** Plaintiff Astrid M. Flowers (hereinafter, "Mx. Flowers") on behalf of themself and all others similarly situated, by and through undersigned counsel, and for their Complaint against The Washington University *d/b/a* Washington University School of Medicine (hereinafter, "WashU", "the School" or "Defendant"), states and alleges as follows:

**NATURE OF THE COMPLAINT**

1. Plaintiff Astrid M. Flowers brings this action against Defendant under federal and law, specifically the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. and the Missouri Minimum Wage Law ("MMWL") Mo. Rev. Stat. § 290.500 *et seq*.

2. Plaintiff brings this action, on behalf of themself and all others similarly situated, against Defendant for unpaid overtime compensation, and related penalties and damages

3. Defendant's payroll policies and practices were and are in direct violation of the FLSA,

29 U.S.C. § 201, *et seq*.

4. Defendant's payroll policies and practices were and are in direct violation of the MMWL, Mo. Rev. Stat. § 290.500 *et seq*

5. For said violations, Plaintiff seeks, on behalf of themselves and all others similarly situated, declaratory relief; unpaid back wages; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

## PARTIES

6. Plaintiff Astrid M. Flowers is an adult resident of St. Louis, Missouri.

7. Defendant The Washington University is a private, nonprofit corporation organized and chartered under the laws of the State of Missouri, with its primary place of business in Saint Louis, Missouri and may be served at its principal office address, One Brookings Drive, Campus Box 1058, St. Louis Missouri 63130.

## JURISDICTION AND VENUE

8. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

9. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1467 (a) over Plaintiff's claims brought under the Missouri Minimum Wage Law, Mo. Rev. Stat. § 290.500 *et seq*; Plaintiff's claims for violations of the MMWL are so related to his federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

10. Defendant The Washington University is a private, nonprofit corporation organized and chartered under the laws of the State of Missouri, and is currently registered to do business

Doc ID: 5737d03a6f589a3baef831046c970b0b1dc94f8e

in, employing citizens of, and subject to service of process in Missouri; this Court, therefore, has personal jurisdiction over The Washington University.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff bring this Complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all employee/participants of Washington University School of Medicine's Departments of Developmental Biology, Cell Biology, & Regenerative Medicine (DCBRM) Postbaccalaureate Research Program who are or were employed by Defendant for the period of three years prior to the commencement of this action to the present, and who are or were not compensated at one-and-one-half times the regular rate of pay for all work performed in excess of forty hours per week.

13. This Complaint may be brought and maintained as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), for all claims asserted by Plaintiff because their claims are similar to collective action members or putative collective action members.

14. Plaintiff, collective action members, and putative collective action members are similarly situated because they worked as researchers on a non-exempt basis for the DCBRM Postbaccalaureate Research Program, and were denied overtime pay for hours worked over forty in a workweek, contrary to the requirements of both the FLSA and the MMWL.

15. This Complaint may be brought and maintained as a collective action pursuant to

Doc ID: 5737d03a6f589a3baef831046c970b0b1dc94f8e

Section 16(b) of the FLSA, 29 U.S.C. § 216(b), for all claims asserted by Plaintiff because their claims are similar to collective action members or putative collective action members.

## FACTUAL BACKGROUND

16. For the last several years, Washington University School of Medicine in St. Louis has offered, through its departments of developmental biology, cell biology, and regenerative medicine (together referred to as "DCBRM"), a 1-year and 2-year postbaccalaureate research programs designed to provide college graduates with additional research experience to make them competitive for advanced careers in biomedical science.

17. Participants in these programs, commonly referred to as post-bacc researchers," are classified as full-time, benefits-eligible employees of Washington University, according to published material on the School's website.

18. Participants in these programs are designated as full-time, non-exempt hourly employees, compensated at an hourly rate of $17.10, or $35,568 annually, paid on a monthly basis, according to published material on the School's website.

19. Using the School's published hourly and annual rates of pay for participants in these programs yields an expected number of hours of approximately 40 per week (between 39.9 and 40.3 depending on the method of rounding used).

20. Although the School's published statements unambiguously establish that post-bacc researchers are paid 40 hours per week, in practice these researchers are expected to work far more than 40 hours.

21. Plaintiff Astrid Flowers was accepted into the School's postbaccalaureate

Doc ID: 5737d03a6f589a3baef831046c970b0b1dc94f8e

     research program in July 2023 and began employment as a post-bacc researcher on July 17, 2023 in the Developmental Biology Department.

22. Upon beginning their employment, Mx. Flowers was surprised to learn that they were expected to work much more than eight hours per day.

23. Throughout their time in the program, Mx. Flowers worked, on average, ten hours per day, Monday through Friday.

24. In addition, Mx. Flowers was required to work an eight-hour shift on the weekend, approximately every other week.

25. In total, Mx. Flowers worked an average of over 53 hours per week.

26. On October 27, 2023, Mx. Flowers voluntarily terminated their participation in the program, primarily because of the long hours they were required to work without compensation for the extra hours.

27. Prior to quitting, Mx. Flowers complained to their immediate supervisor and other managerial staff about the long hours researchers were expected to work, to no avail.

28. In speaking to numerous other post-bacc researchers both inside and outside of their cohort, Mx. Flowers came to understand that the long hours they worked were typical of researchers in the program generally.

**COUNT I--VIOLATION OF THE FAIR LABOR STANDARDS ACT**

29. Plaintiff reallege and incorporate all allegations above as if set forth herein.

30. At all relevant times, Defendant The Washington University, *d/b/a* Washington University School of Medicine, was an "employer" and an "enterprise" engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

Doc ID: 5737d03a6f589a3baef831046c970b0b1dc94f8e

27. At all relevant times, Defendant "employed" Plaintiff and all other similarly situated employees, within the meaning of the FLSA, 29 U.S.C. § 203(e)(2)(C).

28. The FLSA requires each covered employer, including Defendant, to compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week. 29 U.S.C. § 207(a)(1).

29. At all relevant times, Plaintiff and all similarly situated employees were non-exempt employees, subject to the FLSA, 29 U.S.C. § 213.

30. During the relevant period, Plaintiff and all similarly situated employees, regularly worked more than forty hours in a workweek.

31. During the relevant period, Defendant willfully failed to pay Plaintiff and all similarly situated employees an overtime premium for their hours worked over 40 in a workweek.

32. As a result of Defendant's failure to compensate Plaintiff and all similarly situated employees at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Defendant has violated the FLSA, 29 U.S.C. §§ 207(a)(1), (j).

33. The foregoing conduct, as alleged, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

34. The foregoing conduct, as alleged, also fails to meet the standard of good faith compliance with the FLSA within the meaning of 29 U.S.C. § 260.

## **COUNT II—VIOLATION OF THE MISSOURI MINIMUM WAGE LAW**

35. Plaintiff realleges and incorporates all allegations above as if actually set forth herein.

36. At all relevant times, Defendant was an employer, pursuant to the MMWL. Mo. Rev. Stat. § 290.500(4).

Doc ID: 5737d03a6f589a3baef831046c970b0b1dc94f8e

37. At all relevant times, Plaintiff and all other similarly situated employees were covered employees, pursuant to the MMWL. Mo. Rev. Stat. § 290.500 (3)

38. The MMWL requires employers, including Defendant, to pay employees for hours worked over forty in a work week "a rate not less than one and one-half times the regular rate at which he is employed." Mo. Rev. Stat. § 290.505 (1).

39. Defendant has willfully failed and refused to pay its employees, including Plaintiff, an overtime premium equivalent to one and one-half times their regular rate of pay whenever these employees work more than forty hours in a workweek.

40. As a result of Defendant's failure to compensate Plaintiff and all those similarly situated at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Defendant has violated the MMWL, Mo. Rev. Stat. § 290.505 (1).

## **PRAYER FOR RELIEF**

   **WHEREFORE,** Plaintiff prays for relief as follows:

1. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and MMWL;

2. Pre-judgment interest, as provided by law;

3. An award of money damages for unpaid overtime hours, including liquidated damages, in an amount to be determined at trial;

4. An award of costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

5. Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Doc ID: 5737d03a6f589a3baef831046c970b0b1dc94f8e

Respectfully submitted,

s/*Philip E. Oliphant*
Philip E. Oliphant, Bar Number: 25990(TN)
THE ROLWES LAW FIRM, LLC
1951 Mignon Avenue
Memphis, TN 38107
901.519.9135 (voice)
901.979.2499 (fax)
poliphant@rolweslaw

s/*Edward J. Rolwes*
Edward J. Rolwes, Bar Number: 51522(MO)
THE ROLWES LAW FIRM, LLC
2333 South Hanley Road, S. 104
St. Louis, MO 63144
314.806.9626 (voice)
314.472.0900 (fax)
erolwes@rolweslaw.com

*Attorneys for Plaintiff*

Doc ID: 5737d03a6f589a3baef831046c970b0b1dc94f8e

## DECLARATION AND VERIFICATION

      I, **Astrid M. Flowers**, verify and declare that the facts stated in the foregoing Verified Complaint to the best of my knowledge and belief are true, and that the Complaint is not made out of levity or by collusion with the Defendant, but in sincerity and truth for the causes mentioned in the Complaint.

_____
**Astrid M. Flowers**
11 / 08 / 2024
Date: _____

Doc ID: 5737d03a6f589a3baef831046c970b0b1dc94f8e

**CONSENT TO JOIN FLSA/MMWL ACTION AGAINST
THE WASHINGTON UNIVERSITY**
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

I consent to join the above-referenced action against The Washington University as a named plaintiff to assert wage and hour claims under the Fair Labor Standards Act and the Missouri Minimum Wage Law. I agree to be represented by The Rolwes Law Firm, counsel for Plaintiff.

I understand that I may withdraw my consent to proceed with my claims at any time by notifying the attorneys handling this matter.

I agree to keep counsel for Plaintiff informed as to my correct mailing address and telephone number.

*Astrid Flowers*
Signature
11 / 08 / 2024
_____
Signature Date
Astrid Flowers
_____
Printed Name

Doc ID: 5737d03a6f589a3baef831046c970b0b1dc94f8e



Audit trail

| | |
|---|---|
| Title | [1] 11.7.2024 Flowers - Verified Complaint |
| File name | [1] 11.7.2024 Flo...ied Complaint.pdf |
| Document ID | 5737d03a6f589a3baef831046c970b0b1dc94f8e |
| Audit trail date format | MM / DD / YYYY |
| Status | ● Signed |

## Document History

**SENT** — **11 / 07 / 2024** 16:25:35 UTC-6
Sent for signature to Astrid Flowers (flowers.margaret.m@gmail.com) from philip.oliphant@att.net
IP: 162.125.63.30

**VIEWED** — **11 / 08 / 2024** 15:36:11 UTC-6
Viewed by Astrid Flowers (flowers.margaret.m@gmail.com)
IP: 174.243.48.191

**SIGNED** — **11 / 08 / 2024** 15:39:44 UTC-6
Signed by Astrid Flowers (flowers.margaret.m@gmail.com)
IP: 174.243.48.191

**COMPLETED** — **11 / 08 / 2024** 15:39:44 UTC-6
The document has been completed.

Powered by Dropbox Sign