UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ASTRID M. FLOWERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:24-CV-1504-ZMB |
| | ) | |
| THE WASHINGTON UNIVERSITY, *d/b/a* | ) | |
| *Washington University School of Medicine*, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM AND ORDER</u>

Before the Court is Defendant The Washington University's Renewed Motion to Dismiss. Doc. 46. Because the Amended Complaint still fails to demonstrate that Flowers is similarly situated to other individuals in the putative collective action, the Court grants the University's motion.

## BACKGROUND

Flowers brought this case in late 2024, alleging that the University violated both the Fair Labor Standards Act (FLSA) and Missouri Minimum Wage Law (MMWL) by failing to compensate non-exempt employees at the proper overtime rate. Doc. 1 ¶¶ 31–32, 39–40. The University moved to dismiss, and Flowers both opposed dismissal and moved for conditional certification of an FLSA collective action. Docs. 13, 16, 23. The Court granted the University's motion in part, dismissing the collective-action claims because the Complaint failed to establish that other researchers were similarly situated to Flowers and did not receive overtime pay. Doc. 35. Flowers then filed her Amended Complaint, which alleges that the other researchers were not paid overtime despite routinely working more than 40 hours per week and that this FLSA violation was the result of a uniform policy and practice. Doc. 44 ¶¶ 14, 28–29. The University renewed its motion to dismiss the collective action and answered Flowers's individual claims. Docs. 46, 48. The issue has been fully briefed, Docs. 50, 51, and is now ripe for review.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss for "failure to state a claim upon which relief can be granted." The purpose of such motions "is to test the legal sufficiency of the complaint." *Ford v. R.J. Reynolds Tobacco Co.*, 553 F. Supp. 3d 693, 697 (E.D. Mo. 2021). To survive a Rule 12(b)(6) motion, the complaint must include "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief" and providing notice of the grounds on which the claim rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting FED. R. CIV. P. 8(a)(2)). Additionally, the complaint must include sufficient detail to make a claim "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although "[s]pecific facts are not necessary," the plaintiff must include "either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Delker v. MasterCard Int'l*, 21 F.4th 1019, 1024 (8th Cir. 2022) (quotations omitted). The question is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. *Id.*

At the motion-to-dismiss stage, the Court must accept as true the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See Brokken v. Hennepin Cnty.*, 140 F.4th 445, 450 (8th Cir. 2025) (citation omitted). However, the Court does not "presume the truth of legal conclusions." *Jones v. City of St. Louis*, 104 F.4th 1043, 1046 (8th Cir. 2024) (citation omitted); *see also Kulkay v. Roy*, 847 F.3d 637, 641 (8th Cir. 2017) ("[T]he court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations."). Ultimately, this analysis is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

**DISCUSSION**

The Court partially dismissed Flowers's initial complaint because it failed to allege that other researchers suffered overtime violations and were similarly situated to Flowers. Doc. 35. The Amended Complaint remedies the former deficiency but again falls short on the latter. As such, the Court once again dismisses Flowers's FLSA collective action.

The Amended Complaint corrects the most basic flaw that the Court highlighted in its prior order—that the original pleading did not sufficiently plead that other researchers were subject to overtime violations. Doc. 50 at 3–4. Flowers now alleges that colleagues "were paid only for forty (40) hours per week despite routinely working overtime hours," Doc. 44 ¶ 14, and that "these researchers, like Plaintiff, were routinely required to work in excess of forty (40) hours per week but were paid only for forty (40) hours and did not receive overtime compensation . . . for those additional hours," *id*. ¶ 28. The University is correct that the amendments are limited. Doc. 47 at 8. However, particularly considering the explicit allegation that the University "failed to pay [these] employees an overtime premium," *id*. ¶ 36, the Amended Complaint plausibly alleges that the researchers suffered overtime violations, *see e.g.*, *Alhassan v. Sami's Pita Bakery*, 2016 WL 11824259, at *4 (M.D. Fla. Nov. 14, 2016) (finding generalized allegations of overtime violations for coworkers sufficient when connected to more specific allegations by an individual plaintiff).

Nonetheless, as the University correctly notes, Flowers fails to sufficiently allege that other researchers were similarly situated.[1] *See* Doc. 47 at 8. Flowers contends that the "similarly situated" inquiry is improper at the motion-to-dismiss stage but insists that she sufficiently alleged

---

[1] That said, the University's argument concerning hearsay is misplaced. "The Federal Rules of Evidence do not apply at the pleading stage," *Roth v. Walters*, 2023 WL 1469037, at *7 (D.S.D. Feb. 1, 2023), and "at the motion to dismiss stage, all allegations are taken as true and construed in the Plaintiff['s] favor," *In re Cattle Antitrust Litigation*, 2021 WL 7757881, at *4 n.6 (D. Minn. Sept. 14, 2021) (denying motion to dismiss based on a complaint's reliance on hearsay).

3

that other researchers "were subject to the same compensation framework and overtime limitation." Doc. 50 at 4–5. But Flowers failed to heed the Court's prior guidance that "FLSA plaintiffs must plead at least minimal facts to establish that they are similarly situated to fellow employees." Doc. 35 at 9.

True, the Amended Complaint adds allegations that other researchers "were subject to the same expectations" as Flowers and "were routinely required to work in excess of forty (40) hours per week" regardless of their cohort. Doc. 44 ¶¶ 14, 28. But Flowers failed to address the Court's observation that there were "over 75 different faculty members with their own labs to which Postbacc researchers can be assigned, raising further doubts about whether Flowers is similarly situated to the researchers assigned to other mentors." Doc. 35 at 10. Given that, alleging a centralized compensation policy alone is not enough. Doc. 44 ¶ 28. In particular, Flowers fails to allege that the other researchers similarly qualify as employees as opposed to trainees. Doc. 35 at 6–7. Absent additional details about their work, it is impossible to determine at this stage whether Flowers is similarly situated to these unidentified researchers. *See Pickering v. Lorillard Tobacco Co.*, 2011 WL 111730, at *2 (M.D. Ala. Jan. 13, 2011) (requiring job titles and duties for comparison); *Pruell v. Caritas Christi*, 678 F.3d 10, 14 (1st Cir. 2012) (same for type of work performed during overtime).

On a final note, the University also seeks dismissal of Flowers's MMWL collective action and request for injunctive equitable relief. Flowers clarified the individual nature of the MMWL claims, Doc. 50 at 5, and previously conceded that the operative statute does not provide for declaratory or injunctive relief, Doc. 35 at 2 n.2. The Court therefore grants both requests.

4

**CONCLUSION**

Accordingly, the Court **GRANTS** Defendant The Washington University's [46] Renewed Motion to Dismiss.

So ordered this 6th day of August 2026.

ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE